IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CATHERINE PETZEL,**

        Plaintiff,

   v.                             Case No. 2:12-cv-1066
                                   Judge Economus
                                   Magistrate Judge King

**REDFLEX TRAFFIC SYSTEMS, INC.,**
*et al.*,

        Defendants.

<u>OPINION AND ORDER</u>

This matter is before the Court on *Plaintiff's Motion for Leave to File Amended Complaint* ("*Plaintiff's Motion to Amend*"), Doc. No. 12. Defendants Redflex Traffic Systems, Inc., and Karen Finley (collectively "defendants") oppose *Plaintiff's Motion to Amend* on the basis that amendment would be futile. *Defendants' Brief in Opposition to Plaintiff's Motion for Leave to File Amended Complaint*, Doc. No. 13. Plaintiff has filed a reply. *Plaintiff's Reply in Support of Her Motion for Leave to File Amended Complaint* ("*Plaintiff's Reply*"), Doc. No. 15. For the reasons that follow, *Plaintiff's Motion to Amend* is **GRANTED**.

**I.  Standard**

*Plaintiff's Motion to Amend* is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than

the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *General Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). The United States Supreme Court has explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546

2

(2007). However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. Accordingly, a complaint must be dismissed – and amending a complaint is futile – if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**II. Discussion**

Plaintiff Catherine Petzel filed this action on November 19, 2012. *Complaint*, Doc. No. 1. On April 19, 2013, defendant Karen Finley filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, Doc. No. 5. On May 31, 2013, plaintiff filed *Plaintiff's Motion to Amend*, seeking leave to amend the *Complaint* "to allege the factual underpinnings that she believes establish that this Court has personal jurisdiction over the individual defendants in this matter." *Plaintiff's Motion to Amend*, pp. 1-2. The amended complaint, plaintiff argues, will "allow this Court to resolve th[e] anticipated issue of personal jurisdiction on the merits, as opposed to resolution of the issue on a pleading deficiency." *Id*. at p. 2.

As noted *supra*, defendants oppose *Plaintiff's Motion to Amend* on the basis of futility. *Defendants' Response*, p. 2. Specifically, defendants argue that *Plaintiff's Motion to Amend* "should be denied because the issue of personal jurisdiction is already before the Court" and "[t]here is no reason that Plaintiff cannot develop any

3

alleged facts and/or legal arguments that she apparently intends to include in her Amended Complaint in her brief in opposition to [defendant] Finley's Motion to Dismiss." *Id*. at pp. 2-3.

*Defendants' Response* misconstrues the standard for futility of amendment. As discussed *supra*, "'[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.'" *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (quoting *Rose*, 203 F.3d at 420). The fact that plaintiff could have responded to defendant Finley's motion to dismiss rather than seek leave to file an amended complaint is therefore not germane to the determination of futility of amendment.

Although it is preferred that parties file a proposed amended complaint when seeking leave to amend, plaintiff has not tendered a proposed amended complaint. Nevertheless, plaintiff represents that her amendment will cure the alleged jurisdictional deficiencies in the *Complaint*. There is no suggestion of undue delay or bad faith on plaintiff's part in filing *Plaintiff's Motion to Amend*, and defendants will not suffer undue prejudice if the requested amendment is permitted. Notably, *Plaintiff's Motion to Amend* was filed prior to the preliminary pretrial conference, at which the parties were granted until October 1, 2013 to file motions or stipulations for leave to amend the pleadings. *See Preliminary Pretrial Order*, Doc. No. 17.

Accordingly, *Plaintiff's Motion to Amend*, Doc. No. 12, is **GRANTED**. Plaintiff is directed to file an amended complaint within seven (7) days of the date of this *Order*.

4

The Clerk is **DIRECTED** to remove Doc. Nos. 5 and 12 from the Court's pending motions list.

July 2, 2013                                     *s/Norah McCann King*
                                                 Norah M<sup>c</sup>Cann King
                                                 United States Magistrate Judge