IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Catherine Petzel** | : | |
| **11864 Scioto Darby Road** | : | |
| **Orient, Ohio  43146** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Case No. 2:12-cv-1066 |
| v. | : | |
| | : | Judge Economus |
| **Redflex Traffic Systems, Inc.** | : | |
| **c/o statutory agent** | : | Magistrate Judge King |
| **National Registered Agents, Inc.** | : | |
| **145 Baker Street** | : | |
| **Marion, Ohio  43302** | : | **JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| and | : | |
| | : | |
| **Redflex Traffic Systems North America** | : | |
| **23751 N 23rd Avenue** | : | |
| **Suite 150** | : | |
| **Phoenix, Arizona  85085** | : | |
| | : | |
| and | : | |
| | : | |
| **Karen Finley** | : | |
| **c/o Redflex Traffic Systems** | : | |
| **23751 N 23rd Avenue** | : | |
| **Suite 150** | : | |
| **Phoenix, Arizona  85085** | : | |
| | : | |
| and | : | |
| | : | |
| **Aaron Rosenberg** | : | |
| **c/o Redflex Traffic Systems** | : | |
| **23751 N 23rd Avenue** | : | |
| **Suite 150** | : | |
| **Phoenix, Arizona  85085** | : | |
| | : | |
| **Defendants.** | : | |

**FIRST AMENDED COMPLAINT**

Plaintiff, Catherine Petzel, brings this action against defendants – Redflex Traffic Systems, Inc., Redflex Traffic Systems North America, Inc., Karen Finley, and Aaron Rosenberg

– for gender discrimination, national origin discrimination, and other civil wrongs.  Plaintiff's allegations, and the relief she seeks, are as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Catherine Petzel (also known as Catherine Stinson), is a citizen of Ohio who resides in Pickaway County, Ohio.  Ms. Petzel is a female, and is Australian.  She was hired to work at Redflex in early 2009, as a Regional Sales Manager.

2. Defendants, Redflex Traffic Systems, Inc. and Redflex Traffic Systems North America are businesses engaged in the lease or sale of traffic monitoring devices, including red light cameras, to cities and municipalities across the country.  At all times relevant hereto, Defendants employed Plaintiff.

3. Defendant Karen Finley was, at all times relevant hereto, the CEO of Redflex Traffic Systems North America, and had ultimate authority over Plaintiff's job status.

4. Defendant Aaron Rosenberg was, at all times relevant hereto, Executive Vice-President of Sales and Business Development, and, in that capacity, was a supervisor of Plaintiff.

5. At all times relevant hereto, Defendants qualified as employers for purposes of Title VII and Ohio's employment discrimination statute, O.R.C. Chapter 4112.

6. This Court has jurisdiction over the claims herein pursuant to 42 U.S.C §2000e-5(f)(3), and 28 U.S.C. §§1331 and 1334.  This action arises under the laws of the United States.  Plaintiff alleges violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

7. At all times relevant hereto, Plaintiff worked primarily in Ohio, lived in Ohio, and was a resident of Ohio.

8. Plaintiff lived in Ohio at the time that she was terminated and was physically in the State of Ohio when she learned of her termination.

9. In terminating Plaintiff based on unlawful discriminatory grounds, Defendants caused tortious injury in Ohio and might have reasonably expected that Plaintiff would be injured in Ohio as a result of their conduct. Defendants acted with the purpose of causing injury to an Ohio resident and there was a reasonable expectation that the purposefully inflicted injury would occur in Ohio.

10. Defendants' contacts with Ohio proximately resulted from actions by the Defendants themselves, in choosing to do business in Ohio, to supervise a subordinate employee in Ohio, and to unlawfully terminate an Ohio employee. As a result, Defendants' conduct and connections with Ohio were such that they should reasonably have anticipated being exposed to legal proceedings in Ohio courts.

11. In knowingly and intentionally terminating Plaintiff unlawfully, Defendants intended for the effects of their misconduct to cause injury in Ohio.

12. Venue herein is proper pursuant to 28 U.S.C. §1391(b) and and 42 U.S.C. §2000e-5(f)(3).

13. Plaintiff filed a charge of discrimination based on gender and national origin with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 U.S.C. §2000e-5(b) and (e), in June, 2011. Such charge was filed within 180 days of the unlawful employment practice. On or about September 4, 2012, within 90 days of the filing of her complaint, Plaintiff received from the Equal Employment Opportunity Commission a notice of Right to Sue.

**BACKGROUND FACTS**

14. Ms. Petzel was a Regional Sales Manager for Redflex. In that capacity, she was responsible for sales in a portion of the country that included the State of Ohio.

15. In 2011, Ms. Petzel was placed on a performance improvement plan by Redflex, purportedly due to poor sales performance.

16. In actuality, Defendant Rosenberg, with Defendant Finley's support, wanted to fire Ms. Petzel. Mr. Rosenberg's desire to terminate Ms. Petzel was motivated by gender discrimination. Ms. Finley's desire to terminate Ms. Petzel was motivated by national origin discrimination.

17. Mr. Rosenberg told representatives of Redflex's human resources department that he intended to terminate Ms. Petzel. In an attempt to conceal the discriminatory animus, human resources counseled that Rosenberg should first put Petzel (and male colleagues) on a performance improvement plan.

18. Mr. Rosenberg initially objected to placing the male colleagues on a performance improvement plan, but was persuaded by human resources that it was necessary to do so.

19. As a result, Ms. Petzel, and two male colleagues who were also Regional Sales Managers, were placed on performance improvement plans, requiring certain levels of sales before the end of the year.

20. Ms. Petzel's ability to meet her sales targets were obstructed by Redflex.

21. Redflex refused to credit Ms. Petzel with certain sales for which she was responsible.

22. Redflex refused to send Ms. Petzel to certain sales conferences, providing that opportunity to similarly situated male colleagues instead.

23. Rosenberg, the Vice-President of Sales, refused to attend a presentation in Iowa that had the potential to lead to significant sales for Ms. Petzel.

24. Ms. Petzel was passed over in favor of male colleagues when new territories opened up, even when those new territories bordered, or were geographically closest to, Ms. Petzel's own established regions.

25. Redflex did not invite Ms. Petzel to participate in new product development, which has great potential for generating sales by developing new markets. A similarly situated male colleague was invited to participate in new product development, but Ms. Petzel was not.

26. Redflex failed to provide Ms. Petzel the same level of support it provided similarly situated male employees.

27. Ms. Petzel officially failed to meet the sales goals laid out in her performance improvement plan.

28. Redflex terminated Ms. Petzel on January 1, 2012.

29. At least one, and perhaps both, of Ms. Petzel's male peers who were similarly on performance improvement plans failed to meet the sales goals provided in the performance improvement plans.

30. Neither of these two male colleagues was terminated by Redflex.

31. Defendant Finley harbors a well-known anti-Australian bias, despite the fact that Reflex Traffic Systems North America is owned by an Australian parent company.

32. On numerous occasions, Finley has made derogatory comments to Redflex employees about "the Australians."

33. Ms. Finley questioned how Ms. Finley's accent – which is relatively modest, and results in no language barrier whatsoever – "was received" in the marketplace.

34. Ms. Finley also questioned the propriety of having an Australian in Ms. Petzel's position, expressing a concern that potential customers might view Redflex as being too Australian.

35. Ms. Finley and Mr. Rosenberg were responsible for the decision to terminate Ms. Petzel.

## COUNT ONE – GENDER DISCRIMINATION
### (FEDERAL LAW AND OHIO LAW)

36. The allegations of the foregoing paragraphs are incorporated as if realleged.

37. Ms. Petzel was discriminated against, in the terms and conditions of her employment, and in her termination, on the basis of her gender.

38. The decision of Defendants to terminate Ms. Petzel was motivated by Ms. Petzel's gender.

39. Defendants violated Title VII and Ohio law by discriminating against Ms. Petzel on the basis of her gender.

40. Defendants' conduct was intentional, malicious, and recklessly indifferent to Petzel's rights.

41. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered and continues to suffer emotional pain, suffering, stress, inconvenience, embarrassment, humiliation, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury, including lost wages.

## COUNT TWO – NATIONAL ORIGIN DISCRIMINATION
### (FEDERAL LAW AND OHIO LAW)

42. The allegations of the foregoing paragraphs are incorporated as if realleged.

43. Ms. Petzel was discriminated against, in the terms and conditions of her employment, and in her termination, on the basis of her national origin.

44. The decision of Defendants to terminate Ms. Petzel was motivated by Ms. Petzel's national origin.

45. Defendants violated Title VII and Ohio law by discriminating against Ms. Petzel on the basis of her national origin.

46. Defendants' conduct was intentional, malicious, and recklessly indifferent to Petzel's rights.

47. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered and continues to suffer emotional pain, suffering, stress, inconvenience, embarrassment, humiliation, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury, including lost wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor, and against Defendants, as follows:

(a) Award plaintiff compensatory damages in an amount to be determined at trial;

(b) Award plaintiff punitive damages in an amount to be determined at trial;

(c) Award plaintiff reasonable attorney fees and the costs of this action;

(d) Award plaintiff all damages and remedies available under Title VII and Ohio law; and

(e) Award plaintiff such other and further relief as this Court may deem appropriate.

Respectfully submitted,

/s/ John C. Camillus
John C. Camillus, Trial Attorney     (0077435)
Law Offices of John C. Camillus, LLC
P.O. Box 141410
Columbus, Ohio  43214
(614) 558-7254
(614) 559-6731 (Facsimile)
jcamillus@camilluslaw.com

Attorney for Plaintiff
Catherine Petzel

**JURY DEMAND**

Plaintiff requests trial by a jury of her peers.

/s/ John C. Camillus
John C. Camillus

- 9 -

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 9, 2013, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                              /s/ John C. Camillus