IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE PETZEL, | ) | CASE NO. 2:12-CV-1066 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| vs. | ) | **DEFENDANT REDFLEX TRAFFIC** |
| | ) | **SYSTEMS, INC.'S ANSWER AND** |
| REDFLEX TRAFFIC SYSTEMS, INC., et al. | ) | **AFFIRMATIVE DEFENSES** |
| | ) | **TO PLAINTIFF'S FIRST AMENDED** |
| Defendants. | ) | **COMPLAINT** |

Now comes Defendant Redflex Traffic Systems, Inc. ("Defendant" or "Redflex"), by and through undersigned counsel, and for its Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff Catherine Petzel ("Plaintiff"), states as follows:

1.  In response to the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations regarding her citizenship and residence, and therefore denies them. Defendant avers that Plaintiff's last-known address is 11864 Scioto Darby Road, Orient, Ohio 43146. Defendant admits that Plaintiff is female and Australian. Defendant avers that Plaintiff was hired by Redflex on or around January 27, 2009 as a Sales Manager. Defendant denies the remaining allegations contained in paragraph 1.

2.  In response to the allegations contained in paragraph 2 of Plaintiff's First Amended Complaint, Defendant denies the allegations regarding Redflex's business model and affirmatively alleges that Redflex provides state-of-the-art photo enforcement equipment and services to states, counties, and other municipalities across the country. Defendant denies that Redflex Traffic Systems North America is a business, and avers that there is no corporate entity

named "Redflex Traffic Systems North America."  Defendant admits that Redflex employed Plaintiff.  Defendant denies the remaining allegations contained in paragraph 2.

3. In response to the allegations contained in paragraph 3 of Plaintiff's First Amended Complaint, Defendant avers that Finley was the Chief Executive Officer of Redflex from approximately March, 2006 until February 28, 2013, and that in that capacity she had certain authority over Plaintiff's employment with Redflex.  Defendant denies the remaining allegations contained in paragraph 3.

4. In response to the allegations contained in paragraph 4 of Plaintiff's First Amended Complaint, Defendant avers that Aaron Rosenberg was the Executive Vice President of Sales and Business Development for Redflex from approximately March 4, 2002 until February 20, 2013, and admits that, in that capacity, Rosenberg had certain authority over Plaintiff's employment with Redflex.  Defendant denies the remaining allegations contained in paragraph 4.

5. Defendant states that the allegations contained in paragraph 5 of Plaintiff's First Amended Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is required, Defendant admits that it is an "employer" under Title VII and Chapter 4112 of the Ohio Revised Code.

6. Defendant states that the allegations contained in paragraph 6 of Plaintiff's First Amended Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is required, Defendant admits that this Court has jurisdiction over Plaintiff's First Amended Complaint.  Defendant denies the remaining allegations contained in paragraph 6, including that it engaged in any conduct to give rise to any of the claims asserted in Plaintiff's First Amended Complaint.

7. In response to the allegations contained in paragraphs 7 and 8 of Plaintiff's First Amended Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations regarding her residence in Ohio, and therefore denies them. Defendant denies the remaining allegations contained in paragraphs 7 and 8.

8. Defendant states that the allegations contained in paragraphs 9, 10 and 11 of Plaintiff's First Amended Complaint constitute legal conclusions and/or legal arguments to which no response is necessary. To the extent a response is required, Defendant admits that it does business in Ohio, but denies all remaining allegations contained in paragraphs 9, 10 and 11.

9. Defendant states that the allegations contained in paragraph 12 of Plaintiff's First Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is required, Defendant admits that venue is proper in this Court as to the claims against Defendant Redflex Traffic Systems, Inc. only, and Defendant denies the remaining allegations contained in paragraph 12.

10. In response to the allegations in paragraph 13 of Plaintiff's First Amended Complaint, Defendant refers to the Charge and the Notice of Right to Sue for their contents. Defendant denies the remaining allegations contained in paragraph 13.

11. In response to the allegations contained in paragraph 14 of Plaintiff's First Amended Complaint, Defendant admits that Plaintiff was one of its employees and was responsible for sales in a portion of the country that included Ohio. Defendant denies the remaining allegations contained in paragraph 14.

12. In response to the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint, Defendant admits that, on or around October 1, 2011, Plaintiff was placed on a Performance Improvement Plan as a result of her poor sales performance.

13. Defendant denies the allegations contained in paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26 of Plaintiff's First Amended Complaint.

14. Defendant admits the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

15. In regard to paragraph 28 of Plaintiff's First Amended Complaint, Defendant admits that it terminated Plaintiff's employment, but denies the remaining allegations contained in paragraph 28.

16. Defendant denies the allegations contained in paragraphs 29, 30, 31, 32, 33 and 34 of Plaintiff's First Amended Complaint.

17. In regard to paragraph 35 of Plaintiff's First Amended Complaint, Defendant admits that Finley and Rosenberg were involved in the decision to terminate Plaintiff, but denies the remaining allegations contained in paragraph 35.

18. In response to paragraph 36 of Plaintiff's First Amended Complaint, Defendant restates its answers set forth in response to paragraphs 1 through 35 of Plaintiff's First Amended Complaint and incorporates them herein by reference.

19. Defendant denies the allegations contained in paragraphs 37, 38, 39, 40 and 41 of Plaintiff's First Amended Complaint.

20. In response to paragraph 42 of Plaintiff's First Amended Complaint, Defendant restates its answers set forth in response to paragraphs 1 through 41 of Plaintiff's First Amended Complaint and incorporates them herein by reference.

21. Defendant denies the allegations contained in paragraph 43, 44, 45, 46 and 47 of Plaintiff's First Amended Complaint.

22. Defendant states that the remainder of Plaintiff's First Amended Complaint is a prayer for relief to which no answer is necessary. To the extent an answer is required, Defendant denies that Plaintiff is entitled to any damages or relief from Defendant.

23. Defendant denies each and every allegation contained in Plaintiff's First Amended Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

3. Plaintiff's claims are barred because they are without merit as a matter of both fact and law.

4. Plaintiff's claims are barred in whole or in part by operation of the doctrines of estoppel, laches, release, waiver, and/or unclean hands.

5. Plaintiff is not entitled to compensatory damages, punitive damages, and/or attorneys' fees because Defendant never engaged in any unlawful, reckless, or malicious conduct toward Plaintiff or with intent to injure her or with knowledge or belief that any injury was substantially certain to occur.

6. Defendant should not be subject to any liability for punitive damages, as it has made good-faith efforts to prevent any discrimination, and to promptly remedy any improper treatment of any of its employees.

7. Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because there was no causal connection between Plaintiff's membership in any protected class and any adverse employment action.

8. Plaintiff's claims are barred because any actions taken by Defendant in connection with Plaintiff's employment were taken for legitimate, non-discriminatory business reasons.

9. At all times relevant to Plaintiff's First Amended Complaint, based on the information available to Defendant, Defendant acted with reasonable care in making employment decisions with regard to Plaintiff.

10. Plaintiff failed to minimize or mitigate damages and injuries claimed to have been suffered as a result of the events at issue, including, but not limited to, her failure to diligently seek other employment. Accordingly, any recovery by Plaintiff against Defendant is either barred or to be reduced by an amount to be determined by the trier of fact.

11. Plaintiff's claims are barred because Defendant's actions are not the proximate cause of any injuries suffered by Plaintiff.

12. Defendant is entitled to set-offs with respect to Plaintiff's claimed damages.

13. Plaintiff has failed to state a legally sufficient basis for an award of punitive damages and/or attorneys' fees and costs.

14. Defendant reserves the right to raise any and all defenses that may become evident during discovery and during any other proceeding in this action.

WHEREFORE, having fully answered the allegations contained in Plaintiff's First Amended Complaint, Defendant Redflex Traffic Systems, Inc. respectfully requests that Plaintiff's First Amended Complaint be dismissed in its entirety with prejudice, that it be awarded its costs and attorneys' fees incurred in defending against this action, and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

JACKSON LEWIS LLP

*/s/Vincent J. Tersigni*
Vincent J. Tersigni (0040222)
Michelle T. Hackim (0084941)
Park Center Plaza I, Suite 400
6100 Oak Tree Boulevard
Cleveland, Ohio 44131
Phone: (216) 750-0404
Fax:    (216) 750-0826
Email: Vincent.Tersigni@JacksonLewis.com
          Michelle.Hackim@JacksonLewis.com

*Attorneys for Defendants*
*Redflex Traffic Systems, Inc. and Karen Finley*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July 2013, a true and accurate copy of the foregoing the **Answer and Affirmative Defenses of Defendant Redflex Traffic Systems, Inc. to Plaintiff's First Amended Complaint** was filed electronically with the United States District Court for the Southern District of Ohio. Notice will be sent to the parties by operation of the Court's electronic filing system.

*/s/ Vincent J. Tersigni*
Vincent J. Tersigni (0040222)

One of the Attorneys for Defendants
Redflex Traffic Systems, Inc. and Karen Finley

4836-1058-7412, v. 1