IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE PETZEL, | ) | CASE NO. 2:12-cv-1066 |
| | ) | |
| *Plaintiff*, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | **DEFENDANT KAREN FINLEY'S** |
| | ) | **REPLY BRIEF IN SUPPORT OF HER** |
| REDFLEX TRAFFIC SYSTEMS, | ) | **MOTION TO DISMISS FOR LACK OF** |
| INC., *et al.*, | ) | **PERSONAL JURISDICTION** |
| | ) | |
| *Defendants.* | ) | |

## I. INTRODUCTION

In her response in opposition to Defendant Karen Finley's ("Finley") Motion to Dismiss, Plaintiff Catherine Petzel ("Plaintiff") fails to satisfy her burden of proof that this Court has personal jurisdiction over Finley. Specifically, there is no evidence to demonstrate that the exercise of personal jurisdiction over Finley comports with constitutional due process requirements or Ohio's long-arm statute. Rather, the undisputed facts show that all of the actions giving rise to the claims in Plaintiff's First Amended Complaint took place outside the State of Ohio by individuals who live and work outside of Ohio.

Plaintiff's jurisdiction argument relies on the fact that, by virtue of her position as CEO for Defendant Redflex Traffic Systems, Inc. ("Redflex"), Finley participated in the decision to terminate Plaintiff, an Ohio resident, from Redflex. Therefore, Plaintiff argues, Finley is subject to the jurisdiction of Ohio courts. For all the reasons discussed herein and detailed in Finley's Memorandum in Support of her Motion to Dismiss previously filed with this Court, Plaintiff's argument fails as a matter of law and all of her claims against Finley must be dismissed.

## II. LEGAL ARGUMENT

### A. Plaintiff Fails To Demonstrate That Jurisdiction Is Proper Under Ohio's Long-Arm Statute.

In her Memorandum in Opposition to Finley's Motion to Dismiss for Lack of Personal Jurisdiction ("Brief in Opposition"), Plaintiff claims that Finley is subject to the personal jurisdiction of this Court because the requirements of Ohio's long-arm statute, Ohio Rev. Code §2307.382 are met. While Plaintiff concedes that Finley is not a resident of Ohio, does not transact any business in Ohio, and the decision to terminate Plaintiff's employment was not made by Finley in Ohio, Plaintiff nevertheless argues that subsection (A)(6) of Ohio Rev. Code §2307.382 is applicable because "given the allegations of intentional discrimination on the part of Ms. Finley…this case involves actions taken 'with the purpose of injuring persons,' thereby satisfying the second prong of (A)(6)."  (Brief in Opposition, p. 8)

Thus, Plaintiff claims that personal jurisdiction over Finley is proper here because Finley was aware that Plaintiff lived and worked in Ohio and therefore "knew" that she would injure Plaintiff in Ohio by deciding to terminate her employment.  Plaintiff's argument in this regard is meritless.

First and foremost, Ohio's long-arm statute does not permit personal jurisdiction over Finley because she does not regularly conduct business in Ohio.  Indeed, Ohio federal courts have held that subsections (A)(4) through (A)(6) of Ohio's long-arm statute do not extend jurisdiction to out-of-state defendants in the absence of any evidence that they regularly engaged in a persistent course of conduct in Ohio.  *See Costaras v. NBC Universal, Inc.*, 409 F. Supp. 2d 897, 903-904 (N.D. Ohio 2005).  As noted above, Plaintiff fails to demonstrate that Finley engaged in *any* conduct in Ohio, let alone a "persistent course of conduct" that would satisfy Ohio's long-arm statute.

2

Moreover, Plaintiff fails to prove that Finley caused any "tortious injury" in Ohio as specifically required by Ohio Rev. Code §2307.382(A)(6).  Indeed, the only claims Plaintiff alleges in her First Amended Complaint are discrimination claims arising under both federal and state statutory law. It is well-settled that discrimination claims are statutory in nature and therefore not common law "torts". *See, e.g., U.S. v. Burke*, 504 U.S. 229 (1992)(damages received in settlement of a Title VII claim for discrimination are not excludable from gross income as they are not the result of any "tort-like" injuries.); *Leininger v. Pioneer Nat'l Latex*, 115 Ohio St.3d 1131 (2007)(employee cannot maintain a common-law tort claim for discrimination because statutory discrimination laws are comprehensive in their remedial structure.)

Accordingly, Plaintiff fails to demonstrate that jurisdiction over Finley is appropriate pursuant to Ohio's long-arm statute and the Court's inquiry should end here.

### B. Finley Did Not Purposefully Avail Herself Of The Privilege of Acting In Ohio, Nor Do Plaintiff's Causes Of Action Arise From Finley's Activities In Ohio.

Even assuming that jurisdiction over Finley may be found under Ohio's long-arm statute, this Court still lacks jurisdiction over Finley, because Plaintiff fails to proffer sufficient evidence from which this Court can exercise specific jurisdiction over Finley.  Accordingly, the Court's assertion of jurisdiction over Finley would not be consistent with due process considerations.

Plaintiff's analysis of the purposeful availment requirement of due process is based solely on the fact that Finley, as part of her executive job duties with Redflex, participated in the decision to terminate Plaintiff's employment.  Indeed, in her First Amended Complaint, Plaintiff alleged that Finley "purposefully availed" herself of the privileges of acting in Ohio by supervising "a subordinate employee in Ohio" and unlawfully terminating that same employee. (First Amended Compl. at ¶10)

3

In support of her claim that jurisdiction over Finley comports with due process, Plaintiff cites to a non-binding decision from the U.S. District Court for the Southern District of New York that she alleges is "a nearly identical case on point". (Brief in Opposition, p. 2)  *See Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*, 470 F. Supp. 2d 345 (S.D.N.Y. 2007). However, *Int'l Healthcare* is easily distinguishable from the present lawsuit.  In *Int'l Healthcare*, the court determined that a "substantial portion" of the individual defendants' electronic communications with the plaintiff, who lived in New York, formed the substantive basis for her claims against them, and therefore the defendants had sufficient contacts with New York with respect to due process considerations.  Here, Plaintiff does not claim that any electronic communications between her and Finley in Ohio form the basis of her claims.  Rather, Plaintiff's claims against Finley are based solely on her termination from Redflex and Finley's participation in such termination, both of which took place in Arizona.

Additionally, the *Int'l Healthcare* case was filed in New York and therefore the court's analysis of personal jurisdiction necessarily focuses around New York's long-arm statute.  Here, Ohio's long-arm statute is at issue and this Court's due process analysis will obviously involve Ohio law, not New York law.  Accordingly, the decision in *Int'l Healthcare* is neither persuasive nor binding authority for the proposition that this Court's jurisdiction over Finley comports with due process.  Further, to the extent *Int'l Healthcare* conflicts with the decision by the U.S. District Court for the Northern District of Ohio and affirmed by the Sixth Circuit Court of Appeals in *Kepreos v. Alcon Laboratories, Inc.*, 2011 U.S. Dist. LEXIS 60247 (N.D. Ohio June 6, 2011) *aff'd.* 2013 U.S. App. LEXIS 6856 (6th Cir. 2013), which was discussed in detail in Finley's Motion to Dismiss, the reasoning in *Kepreos* should instead be adopted by this Court.

Similarly meritless and irrelevant is Plaintiff's attempt to analogize the facts here to those in a recent Ohio Supreme Court case involving the issue of whether personal jurisdiction is proper over an out-of-state defendant who posted multiple criticisms of a product he purchased from an Ohio manufacturer online. *See Kauffmann Racing Equipment, L.L.C. v. Roberts*, 126 Ohio St.3d 81 (2010). As Plaintiff correct points out, *Kauffman* involves a defamation claim which is clearly "not a case addressing an employment setting", and therefore is distinguishable on its face from the facts here. (Brief in Opposition, p. 4.) Indeed, the court in *Kauffman* applied an analysis of the "purposeful availment" prong that was developed by the U.S. Supreme Court in a defamation case specifically, which analysis naturally has very limited applicability to the issue of whether personal jurisdiction exists over an out-of-state supervisor who terminated an Ohio employee. Specifically, the court's analysis in *Kauffman* involved determining whether an intentional act and tort – defamation – satisfied the purposeful availment prong of due process. Here, Plaintiff's alleged discrimination claims are not intentional torts and therefore do not involve the same analysis as required in *Kauffman*. Thus, Plaintiff's reliance on the Court's analysis in *Kauffman* is misplaced given the very different facts and legal claims present here.

In her response brief, Plaintiff also attempts to distinguish the present facts from those in *Kepreos, supra*. The court in *Kepreos* held that supervising a sales force is not "purposeful availment" in Ohio for establishing personal jurisdiction over an out-of-state supervisor. *See Kepreos*, 2011 U.S. Dist. LEXIS 60247 at *12. Plaintiff argues that there is a significant difference between "the mere act of supervising an employee" and terminating that same employee for purposes of establishing specific jurisdiction. However, Plaintiff offers no legal support for this circular argument, and a cursory review of its underlying assumptions immediately reveals it is baseless.

5

In *Kepreos,* as here, the plaintiff was a former sales employee who was terminated from her position with the company by the individually named defendants, her out-of-state supervisors. As part and parcel of their supervisory job duties, the individual defendants in *Kepreos* terminated Ms. Kepreos' employment with Alcon, however they made this decision at Alcon's headquarters in Texas, not in Ohio. Ms. Kepreos brought discrimination and wrongful termination claims against both the company and the individual defendants in the Northern District of Ohio, asserting that the court's jurisdiction over the individual defendants was proper because they purposefully availed themselves of causing a consequence in Ohio by accepting a position that entailed supervising an Ohio employee and ultimately terminating that same employee. The court in *Kepreos* held that the mere fact that the individual defendants held supervisory positions that "encompassed responsibilities for the sales force in Ohio in no way amounts to the purposeful availment necessary to satisfy due process." *Id.*

Certainly, Plaintiff does not dispute that hiring and firing employees was part of the job duties and "responsibilities" of Finley just as they were of the out-of-state supervisors named as defendants in the *Kepreos* case. Thus, Plaintiff is really making the same argument that was rejected by the district court in *Kepreos* and affirmed by the Sixth Circuit. Accordingly, this Court should similarly reject Plaintiff's argument.

Because Plaintiff has failed to demonstrate that Finley purposefully availed herself of acting in Ohio, the Court need not reach the remaining two criteria of due process: 1) the cause of action arose from defendant's actions in forum state; and 2) the acts of defendant must have substantial enough connection with the forum state to make the exercise of personal jurisdiction reasonable. *See Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374 (6th Cir. 1968). Nonetheless, these prongs are also not met by Plaintiff because she has failed to prove that her

6

claims arise from Finley's individual activities in Ohio.  To be sure, Plaintiff's claims are based on her termination.  As discussed in detail in her Motion to Dismiss, Finley's involvement in Plaintiff's termination and the termination decision itself was made in Arizona, not Ohio.

Plaintiff attempts to refute this fact by claiming, again without any legal support, that Finley had "meaningful contact" with Ohio by virtue of terminating the employment of an Ohio citizen.  (Brief in Opposition, p. 12)  Given Finley's former position as the CEO of a national corporation with employees in almost every state, this argument is frankly ridiculous. As part of her normal job duties, Finley was frequently required to participate in the decision to terminate Redflex employees in many different states.  This could not and did not mean that Finley was therefore subject to the jurisdiction of every state court or federal court in the country simply because, by virtue of her executive level position, she was responsible for overseeing employees in many states.  As noted by the Sixth Circuit in *Weller v. Cromwell Oil Co*., 504 F.2d 927, 931 (6th Cir. Ohio 1974), if such ordinary contacts were permitted to establish personal jurisdiction against officers of national corporations in their individual capacity, "the individuals could be sued in every state of the union whenever they make telephone calls or write letters…"

Indeed, regardless of her lack of sufficient contacts with Ohio, jurisdiction over Finley merely because of her former occupation and job duties with Redflex would still be inappropriate and unreasonable because it violates fundamental fairness. To assert jurisdiction over Finley because, as Plaintiff argues, she is "accused of discriminating against an Ohio citizen" would mean corporate managers could be hauled into court in their individual capacities throughout the country for the sole reason that a decision they made affected someone in another jurisdiction. This clearly violates the notion of fundamental fairness. *See Pittman v. General Nutrition Corp*.,

2005 U.S. Dist. LEXIS 36227 (S.D. Tex. July 13, 2005) (*citing Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 115 (1987)).

Accordingly, because Plaintiff has failed to meet her burden of proving that the Court's exercise of personal jurisdiction over Finley would be consistent with due process considerations, Finley respectfully requests that this Court dismiss Plaintiff's First Amended Complaint against her for lack of personal jurisdiction.

### III. CONCLUSION

For the reasons set forth above and in Defendant Karen Finley's Memorandum In Support of Motion to Dismiss for Lack of Personal Jurisdiction, Finley respectfully requests that this Court dismiss all claims in Plaintiff's First Amended Complaint against her with prejudice.

Respectfully submitted,

**JACKSON LEWIS LLP**

*/s/Vincent J. Tersigni*
Vincent J. Tersigni (0040222)
Michelle T. Hackim (0084941)
Park Center Plaza I, Suite 400
6100 Oak Tree Boulevard
Cleveland, Ohio 44131
Phone: (216) 750-0404
Fax:     (216) 750-0826
Email: Vincent.Tersigni@JacksonLewis.com
            Michelle.Hackim@jacksonlewis.com

*Attorneys for Defendants*
*Redflex Traffic Systems, Inc. and Karen Finley*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September 2013, a true and accurate copy of the foregoing **Defendant Karen Finley's Reply Brief In Support of Her Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support** was filed electronically with the United States District Court for the Southern District of Ohio.  Notice will be sent to the parties by operation of the Court's electronic filing system.

                                                            */s/ Vincent J. Tersigni*
                                                            Vincent J. Tersigni (0040222)
                                                            **JACKSON LEWIS LLP**

                                                            *One of the attorneys for Defendants*
                                                            *Redflex Traffic Systems, Inc. and Karen Finley*

4838-0527-3877, v.  2