IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE PETZEL, | ) | CASE NO. 2:12-CV-1066 |
| | ) | |
| *Plaintiff,* | ) | JUDGE PETER C. ECONOMUS |
| vs. | ) | MAGISTRATE JUDGE KING |
| | ) | |
| REDFLEX TRAFFIC SYSTEMS, INC., *et* | ) | **STIPULATED PROTECTIVE ORDER** |
| *al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

Plaintiff  Catherine Petzel ("Petzel") and Defendant Redflex Traffic Systems, Inc. ("Redflex" and collectively with Petzel, the "Parties"), by and through counsel, hereby stipulate and agree to the following Protective Order to be entered in this case pursuant to Rule 26 of the Federal Rules of Civil Procedure.

## 1. CONFIDENTIAL INFORMATION

This Order shall apply to all documents, materials, things, or information produced during the course of this action, including depositions, productions of documents, answers to interrogatories, responses to requests for admissions, medical records and/or healthcare information, proprietary and/or financial information, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or in hearings, matters in evidence, and any other information that shall in good faith be designated by the party or person producing it as "CONFIDENTIAL."

For purposes of this Order, "CONFIDENTIAL" information means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a hearing, information revealed in an interrogatory answer, or otherwise produced

during discovery that is in good faith designated as such by the producing party, and that, as claimed by the producing party, constitutes confidential personal, business, legal, regulatory, financial, confidential research, or development information, or confidential policies or procedures, business plans, commercially sensitive information, personal information, trade secrets or other non-public information within the meaning of Federal Civil Rule 26(C), the dissemination of which generally is protected by the designating party in the normal course of business. "CONFIDENTIAL" information shall include any copies, excerpts, summaries, abstracts, or other documents that contain "CONFIDENTIAL" information. Any party may challenge the designation of any document as "CONFIDENTIAL," as provided herein.

## 2.    **INADVERTENT FAILURE TO DESIGNATE**

Except as otherwise provided herein, inadvertent failure to designate information as "CONFIDENTIAL" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice. Upon receipt of the supplemental written notice, the terms of this Protective Order shall apply and the receiving party shall retrieve, to the extent reasonably possible, the information and any documents containing the same.

## 3.    **INADVERTENT PRODUCTION**

The inadvertent production of any document or information during discovery in this case shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product. No party or entity shall be held to have waived any rights by such inadvertent production.

4.      **PERMITTED DISCLOSURE**

      a.      Any information that is designated as "CONFIDENTIAL" by the party or person

producing it shall not be disclosed to any person other than the following:

      i.      The Parties and counsel for the Parties;

      ii.      The Court and appropriate court personnel;

      iii.      Members of the legal, paralegal, secretarial, or clerical staff of such counsel who are assisting in or responsible for working on this litigation;

      iv.      Outside experts or consultants for the Parties as permitted herein;

      v.      Court reporters during depositions in which confidential material is marked; and

      vi.      Deponents during depositions in which such material is marked.

Any recipient of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of Confidential Information in order to ensure that its confidential nature is maintained. The provisions of this paragraph 4 shall survive final termination of this action.

5.      **FILING WITH COURT**

In the event any party wishes to file under seal with the Court documents that contain or reflect "CONFIDENTIAL" information, such materials shall be filed with the Court under this paragraph and shall be placed in a sealed envelope endorsed with the title of this action, the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and a statement containing substantially the following information:

This envelope (container) is sealed because it contains CONFIDENTIAL information filed in this case by [INSERT THE NAME OF THE PARTY OR PERSON FILING SUCH CONFIDENTIAL INFORMATION], and is not to be opened or the contents thereof displayed or revealed except by order of the Court.

6.    **<u>DEPOSITIONS</u>**

A party may designate any portion of a deposition containing "CONFIDENTIAL"

Information (as defined above) as "CONFIDENTIAL" by so stating on the record at the time

testimony is given.

7.    **<u>TESTIMONY AT HEARINGS OR TRIAL</u>**

In the event any party wishes to place under seal the transcript or portions thereof of

testimony containing "CONFIDENTIAL" information provided before the Court at a hearing or

at trial, the Court shall be given the opportunity to determine upon motion by the party seeking to

place the testimony or portions thereof under seal whether good cause exists to seal the record in

accordance with Federal Civil Rule 26.

8.    **<u>USE FOR THIS ACTION</u>**

Any person receiving information designated "CONFIDENTIAL" pursuant to discovery

in this matter shall make no use of such information, directly or indirectly, except for the

purposes of presenting claims or defenses in this action and may not use this information in any

other case or dispute nor for any personal, private business or commercial purpose whatsoever.

9.    **<u>NO WAIVER OF OBJECTIONS</u>**

Nothing contained in this Order (a) shall be construed as a waiver by a party or person of

its right to object to the subject matter of any discovery request, or as an agreement by any party

or person to produce documents, supply information or permit entry upon land under Rule 34 of

the Federal Rules of Civil Procedure; (b) shall constitute an admission that any evidence exists or

that evidence that may exist is relevant in any way to the issues; (c) shall be construed as a

waiver of any privilege; or (d) shall be construed as an admission by the receiving party that

produced information is entitled to the designation of "CONFIDENTIAL."  No party shall be

obligated to challenge immediately the propriety of a "CONFIDENTIAL" designation and the failure to do so shall not preclude a later challenge to the propriety of such designation.

**10.    AFTER TERMINATION OF ACTION**

After final termination of this action, including appeals or expiration of the time in which to appeal, each counsel of record, upon written request made within 60 days of the date of final termination, shall within 60 days of such request (a) destroy and certify in writing as to the destruction of, or (b) assemble and return to the counsel of record, all material in their possession and control embodying information designated "CONFIDENTIAL," including all copies thereof. To the extent that any information has been filed under seal with the Court, pursuant hereto, such documents may be retrieved from the clerk's office by the party seeking to maintain the confidentiality of such documents within 60 days of said final termination.

**11.    CHALLENGE TO CONFIDENTIALITY DESIGNATION**

No party to the Action shall be deemed, by treating information as confidential, to have conceded that the information actually is confidential.  Nothing in this Order shall operate to prejudice the rights of access to or use of information designated as "CONFIDENTIAL," nor shall it prejudice or impair the right of a party to challenge the propriety of the designation as to certain information, or the procedure for handling same.

A party that objects to another party's designation of information as CONFIDENTIAL shall inform the designating party, in writing, of its objection to such a designation.  The parties shall then communicate in good faith to attempt to resolve the propriety of the CONFIDENTIAL designation.  If the dispute cannot be resolved by the parties, in order for the disputed information to remain CONFIDENTIAL under this Order, the party designating the disputed information as CONFIDENTIAL must file with the Court a motion to designate such

information CONFIDENTIAL pursuant to this Order. If such a motion is filed, the parties will continue to treat the designated information as CONFIDENTIAL pending a ruling from the Court. Once the Court rules on such a motion, the parties will abide by the Court's determination of whether the information is properly designated as CONFIDENTIAL.

The party producing the "CONFIDENTIAL" information or documents shall have the burden of proving that the information or documents so produced are protected in accordance with Federal Civil Rule 26 and the standards adopted by the federal courts.

## 12.   **NON-PARTY CONFIDENTIALITY**

In the event that any non-party is called upon to produce information in this action that the non-party reasonably believes constitutes or would disclose "CONFIDENTIAL" information, the non-party may elect to become a party to the terms of this Protective Order for the purpose of protecting such information by serving a written notice of its election on counsel for each party. After service of such a notice of election, this Order will be binding on and inure to the benefit of such non-party.

## 13.   **FURTHER RELIEF**

Nothing in this Order shall preclude any party from petitioning the Court for different protection with respect to any information as that party considers necessary and appropriate, including applying for an order modifying this Order in any respect, or preclude the Court from altering this Order upon subsequent review.

STIPULATED AND AGREED TO BY:

*/s/ John C. Camillus*
John C. Camillus (0077435)
Law Offices of John C. Camillus, LLC
P.O. Box 14140
Columbus, Ohio 43214
(614)
(216) 291-5744 (Fax)
jcamillus@camilluslaw.com


*Counsel for Plaintiff*

*/s/ Vincent J. Tersigni*
Vincent J. Tersigni (0040222)
Michelle T. Hackim  (0084941)
Jackson Lewis, P.C.
Park Center Plaza I, Suite 400
6100 Oak Tree Boulevard
Cleveland, OH  44131
(216) 750-0411
(216) 750-0826 (Fax)
Vincent.Tersigni@jacksonlewis.com
Michelle.Hackim@jacksonlewis.com

*Counsel for Redflex Traffic Systems, Inc.*




**IT IS SO ORDERED**:

DATE:  _____, 2014


_____
UNITED STATES DISTRICT JUDGE

4821-1992-9370, v. 1